**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

LRN CORPORATION,

       Plaintiff,

v.

MARKEL INSURANCE COMPANY and
ARCH INSURANCE COMPANY,

       Defendants.

Civil Action No. 1:20-cv-08431-AJN

**DEFENDANT ARCH INSURANCE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Arch Insurance Company ("Arch") responds to the numbered allegations set forth in the Amended Complaint of Plaintiff LRN Corporation ("LRN") by denying all allegations of the Amended Complaint unless specifically admitted below, with all such admissions made on knowledge, information, and belief, with paragraph numbers corresponding to those used in the Amended Complaint. The headings in this Answer correspond to the headings used in the Amended Complaint and do not constitute allegations or averments by Arch.

**NATURE OF ACTION**

1.     The allegations of the first sentence of paragraph 1 characterize Plaintiff's Amended Complaint, which speaks for itself. To the extent a response is otherwise required, Arch admits that Plaintiff seeks coverage under a primary "D&O" policy issued by Defendant Markel Insurance Company ("Markel"), and a certain excess D&O insurance policy issued by

1

Arch, to LRN.  Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

2.      Arch admits the allegations of paragraph 2.

3.      The allegations of paragraph 3 constitute legal conclusions to which no response is required.  To the extent a response is otherwise required, Arch does not dispute that the three directors named in the "*Davidow* Lawsuit" are Insureds under the "Policy" issued by Markel and attached as Exhibit A to the Amended Complaint.

4.      The allegations of paragraph 4 characterize a written document, which speaks for itself, to which no response is required.  Arch denies any allegations inconsistent with said document.

5.      The allegations of paragraph 5 constitute legal conclusions to which no response is required.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

6.      Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies them.  Further responding, the allegations of paragraph 6 appear to characterize written documents, which speak for themselves, to which no response is required.  Arch denies any allegations inconsistent with said documents.

7.       Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies them.  Further responding, the allegations of paragraph 7 appear to characterize written documents, which speak for themselves, to which no response is required.  Arch denies any allegations inconsistent with said documents.

8.      Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies them.  Further responding, the allegations of paragraph 8 characterize written documents, which speak for themselves, and/or constitute legal conclusions, to which no response is required.  Arch denies any allegations inconsistent with said documents.

9.      The allegations of paragraph 9 characterize a written document, which speaks for itself, and/or constitute legal conclusions, to which no response is required.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.  Further responding, Arch denies any allegations inconsistent with said documents.

10.      The allegations of paragraph 10 characterize a written document, which speaks for itself, and/or constitute legal conclusions, to which no response is required.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.  Further responding, Arch denies any allegations inconsistent with said documents.

11.      The allegations of paragraph 11 characterize a written document, which speaks for itself, and/or constitute legal conclusions, to which no response is required.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.  Further responding, Arch denies any allegations inconsistent with said documents.

12.      The allegations of paragraph 12 characterize a written document, which speaks for itself, and/or constitute legal conclusions, to which no response is required.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought

against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN. Further responding, Arch denies any allegations inconsistent with said documents.

13.     The allegations of paragraph 13 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 13.

14.     Arch denies the allegations of paragraph 14.

15.     Arch denies the allegations of paragraph 15.

16.     The allegations of paragraph 16 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 13 and further denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

17.     The allegations of paragraph 17 characterize Plaintiff's Amended Complaint, which speaks for itself.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.  Further responding, Arch denies any allegations inconsistent with the Amended Complaint.

## PARTIES

18.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and on that basis denies them.

19.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies them.

20.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and on that basis denies them.

21.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis denies them.

22.     Arch admits the allegations of paragraph 22.

## JURISDICTION AND VENUE

23.     The allegations of paragraph 23 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Arch does not dispute this court's jurisdiction over this action.

24.     The allegations of paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Arch does not dispute this court constitutes a proper venue for this action.

## BACKGROUND

### The Insurance Policies

25.     Arch admits that Markel issued to LRN the "Policy" attached as Exhibit A to the Amended Complaint, which speaks for itself.   Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, and on that basis denies them.

26.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and on that basis denies them.  Further responding, the allegations of the second sentence of paragraph 26 characterize a written document, which speaks for itself, to which no response is required.  The documents are the best evidence of their contents.  Arch denies any allegations inconsistent with said document.

27.     The allegations of paragraph 27 characterize the Policy, which speaks for itself and to which no response is required.  The Policy is the best evidence of its contents.  Arch denies any allegation inconsistent with the Policy.

28.     The allegations of paragraph 28 characterize the Policy, which speaks for itself and to which no response is required.  The Policy is the best evidence of its contents.  Arch denies any allegation inconsistent with the Policy.

29.     The allegations of paragraph 29 characterize the Policy, which speaks for itself and to which no response is required.  The Policy is the best evidence of its contents.  Arch denies any allegation inconsistent with the Policy.

30.     The allegations of paragraph 30 characterize the Policy, which speaks for itself and to which no response is required.  The Policy is the best evidence of its contents.  Arch denies any allegation inconsistent with the Policy.

31.     The allegations of paragraph 31 characterize the Policy, which speaks for itself and to which no response is required.  The Policy is the best evidence of its contents.  Arch denies any allegation inconsistent with the Policy.  Further responding, the allegations of paragraph 31 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

32.     The allegations of paragraph 32 characterize the Policy, which speaks for itself and to which no response is required.  The Policy is the best evidence of its contents.  Arch denies any allegation inconsistent with the Policy.

33.     The allegations of paragraph 33 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations

6

of paragraph 33 and further denies that Plaintiff is entitled to any of the relief sought against

Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

34.     Arch admits that it issued to LRN the "Arch Policy" attached as Exhibit B to the

Amended Complaint.  The remaining allegations of paragraph 34 characterize the Arch Policy,

which speaks for itself and to which no response is required.  The Arch Policy is the best

evidence of its contents.  Arch denies any allegation inconsistent with the Arch Policy.

35.     The allegations of paragraph 35 characterize the Arch Policy, which speaks for

itself and to which no response is required.  The Arch Policy is the best evidence of its contents.

Arch denies any allegation inconsistent with the Arch Policy.

**The Corporate Transactions Giving Rise to the Underlying Plaintiffs' Claims**

The Tender Offer

36.     Arch lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 36, and on that basis denies them.

37.     The allegations of paragraph 37 characterize a written document, which speaks

for itself and to which no response is required.  That document, the OTP, is the best evidence of

its contents.  Arch denies any allegation inconsistent with the OTP.

38.     Arch lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 38, and on that basis denies them.

39.     Arch lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 39, and on that basis denies them.

40.     Arch lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 40, and on that basis denies them.

41.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41, and on that basis denies them.

42.     The allegations of paragraph 42 constitute legal conclusions to which no response is required.  Further responding, the allegations of paragraph 42 characterize Section 5 of the "Securities Act," which speaks for itself and to which no response is required.  Section 5 of the Securities Act is the best evidence of its contents.  Arch denies any allegation inconsistent with the Section 5 of the Securities Act.

43.     The allegations of paragraph 43 characterize a written document (i.e., SEC C&DI 128.05), which speaks for itself, and/or constitute legal conclusions to which no response is required.  Said written document is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

44.     The allegations of paragraph 44 constitute legal conclusions to which no response is required.  Further responding, the allegations of paragraph 44 characterize Section 4(a)(1) of the Securities Act and "Rule 144," which speak for themselves and to which no response is required.  Section 4(a)(1) of the Securities Act and Rule 144 are the best evidence of their respective contents and Arch denies any allegation inconsistent therewith.

45.     The allegations of paragraph 45 constitute legal conclusions to which no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 45.

46.     The allegations of paragraph 46 constitute legal conclusions to which no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 46.

The Merger and Associated Rollover

47.     The allegations of paragraph 47 characterize the "Merger Agreement," which speaks for itself.  The Merger Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

48.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48, and on that basis denies them.

49.     The allegations of paragraph 49 characterize the "Merger Agreement," which speaks for itself.  The Merger Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

50.     The allegations of paragraph 50 characterize the Merger Agreement, which speaks for itself.  The Merger Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.  Arch further responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and on that basis denies them.

51.     The allegations of the first and third sentence of paragraph 51 characterize the Merger Agreement, which speaks for itself.  The Merger Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.  The allegations of the second sentence of paragraph 51 state legal conclusions to which no response is required. To the extent a response is otherwise required to said allegations, Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 51, and on that basis denies them.

52.     The allegations of paragraph 52 characterize the "Rollover Agreement," which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

53.     The allegations of paragraph 53 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

54.     The allegations of paragraph 54 constitute legal conclusions to which no response is required.  Further responding, the allegations of paragraph 54 characterize Sections 5 and 4(a)(2) of the Securities Act, which speak for themselves and to which no response is required.  Sections 5 and 4(a)(2) of the Securities Act are the best evidence of their respective contents and Arch denies any allegation inconsistent therewith.

55.     The allegations of paragraph 55 constitute legal conclusions to which no response is required.  Further responding, the allegations of paragraph 55 characterize Section 4(a)(2) of the Securities Act and an SEC posting on the internet, which speak for themselves and to which no response is required.  Those documents are the best evidence of their respective contents and Arch denies any allegation inconsistent therewith.

56.     The allegations of paragraph 56 constitute a legal conclusion to which no response is required.  Further responding, the allegations of paragraph 56 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.  Further responding, Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and on that basis denies them.

*(i) Investor Sophistication*

57.     The allegations of paragraph 57 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

58.     The allegations of paragraph 58 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

59.     The allegations of paragraph 59 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

*(ii) Access to Information*

60.     The allegations of paragraph 60 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

61.     The allegations of paragraph 61 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.  Further responding, the allegations of the second sentence of paragraph 61 constitute a legal conclusion to which no response is required.

*(iii) Transfer Restriction*

62.     The allegations of paragraph 62 constitute legal conclusions to which no response is required.  Further responding, the allegations of paragraph 62 characterize sections, rules and regulations of the Securities Act, which speak for themselves.  Those sections, rules and

regulations of the Securities Act are the best evidence of their contents and Arch denies any allegation inconsistent therewith.

63.     The allegations of paragraph 63 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

64.     The allegations of paragraph 64 characterize the Rollover Agreement, which speaks for itself.  The Rollover Agreement is the best evidence of its contents and Arch denies any allegation inconsistent therewith.  Further responding, the allegations of paragraph 61 constitute legal conclusions to which no response is required.

*(iv) No General Solicitation*

65.     The allegations of paragraph 65 characterize certain rules, regulations, and SEC interpretations, which speak for themselves.  Said rules, regulations, and SEC interpretations are the best evidence of their contents and Arch denies any allegation inconsistent therewith.  Further responding, the allegations of paragraph 65 constitute legal conclusions to which no response is required.

66.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 66, and on that basis denies them.

67.     The allegations of paragraph 67 constitute legal conclusions to which no response is required.  Further responding, the allegations of paragraph 67 characterize a series of documents related to the "Merger," which speak for themselves and to which no response is requires.  Said documents are the best evidence of their respective contents, and Arch denies any allegation inconsistent therewith. Further responding, Arch lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of paragraph 67, and on that basis denies them.

## The *Davidow* Lawsuit

68.     Arch admits that Exhibit F to the Amended Complaint is the "Complaint" in the *Davidow* Lawsuit.  The remaining allegations of paragraph 68 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

69.     Arch admits the allegations of paragraph 69.

70.     The allegations of paragraph 70 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

71.     The allegations of paragraph 71 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

72.     The allegations of paragraph 72 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

73.     The allegations of paragraph 73 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

74.     The allegations of paragraph 74 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

75.     The allegations of paragraph 75 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

76.     The allegations of paragraph 76 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

77.     The allegations of paragraph 77 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

78.     The allegations of paragraph 78 characterize the Complaint, which speaks for itself.  The Complaint is the best evidence of its contents and Arch denies any allegation inconsistent therewith.

## **LRN's Timely Tender and Markel's Belated and Wrongful Refusal to Defend the *Davidow* Lawsuit**

79.     Arch admits that "notice" is not in dispute, as alleged in paragraph 79.  Arch denies that said notice "triggered" the Arch Policy, denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

80.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80, and on that basis denies them.

81.     The allegations of paragraph 81 characterize a written letter allegedly from Markel to LRN, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.

82.     Arch admits that Markel's coverage position was correct.  Arch lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 82, and on that basis denies them.

83.     Arch denies the allegations of paragraph 83.

84.     The allegations of paragraph 84 characterize a written letter from Markel to LRN, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.

85.     The allegations of paragraph 85 characterize a written letter from Markel to LRN, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.

86.     The allegations of paragraph 86 characterize a written letter from Markel to LRN, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.

87.     The allegations of paragraph 87 characterize a written letter from Markel to LRN, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.

88.     The allegations of paragraph 88 characterize a written letter from LRN to Markel, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.

89.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 89, and on that basis denies them.  The allegations of the second sentence of paragraph 89 characterize written documents, which speak

for themselves.  Said documents are the best evidence of their contents and Arch denies any allegations inconsistent therewith.

90.     Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90, and on that basis denies them.

91.     The allegations of paragraph 91 characterize documents, which speaks for themselves.  Said documents are the best evidence of their contents and Arch denies any allegations inconsistent therewith.  Further responding, the allegations of the second and third sentence of paragraph 91 constitute legal conclusions to which no response is required.

92.     Arch denies the allegations of paragraph 92.

93.     Arch admits that the "COVID-19 pandemic" was ongoing in April 2020.  Arch lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 93, and on that basis denies them.  Arch denies the allegations of the third sentence of paragraph 93.

94.     The allegations of paragraph 94 characterize a written letter from Markel to LRN, which speaks for itself.  Said letter is the best evidence of its contents and Arch denies any allegations inconsistent therewith.  Arch denies the remaining allegation of paragraph 94.

95.     Arch denies the allegations of paragraph 95.

96.     Arch denies the allegations of paragraph 96.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT
### (Against Both Defendants)

97.     In response to paragraph 97, Arch incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 96.

98.     The allegations of paragraph 98 state legal conclusions to which no response is required.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

99.     The allegations of paragraph 99 characterize the Policy, which speaks for itself. Arch denies any allegations inconsistent with the Policy.  Further responding, the allegations of paragraph 99 constitute legal conclusions to which no response is required.

100.     The allegations of paragraph 100 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 100.

101.     The allegations of paragraph 101 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 101.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

102.     Arch denies the allegations of paragraph 102.

103.     Arch denies the allegations of paragraph 103.

104.     As to the allegations of paragraph 104, Arch admits that LRN seeks a declaratory judgment in this lawsuit, but denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

105.     Arch denies the allegations of paragraph 105.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT
### (Against Markel)

106.     In response to paragraph 106, Arch incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 105.

107.    The allegations of the Second Cause of Action and paragraph 107 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

108.    The allegations of the Second Cause of Action and paragraph 108 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 108.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

109.    The allegations of the Second Cause of Action and paragraph 109 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 109.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

110.    The allegations of the Second Cause of Action and paragraph 110 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 110.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

111.    The allegations of the Second Cause of Action and paragraph 111 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 111.  Further responding, Arch denies that

Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

112.    The allegations of the Second Cause of Action and paragraph 112 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 112.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

113.    The allegations of the Second Cause of Action and paragraph 113 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 113.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

## THIRD CAUSE OF ACTION – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Markel)

114.    In response to paragraph 114, Arch incorporates by reference, as if set forth fully herein, its responses to paragraphs 1 through 113.

115.    The allegations of the Third Cause of Action and paragraph 115 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 115.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

116.    The allegations of the Third Cause of Action and paragraph 116 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise

required, Arch denies the allegations of paragraph 116.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

117.    The allegations of the Third Cause of Action and paragraph 117 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 117.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

118.    The allegations of the Third Cause of Action and paragraph 118 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 118.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

119.    The allegations of the Third Cause of Action and paragraph 119 are not asserted against Arch and, therefore, no response is required.  To the extent a response is otherwise required, Arch denies the allegations of paragraph 119.  Further responding, Arch denies that Plaintiff is entitled to any of the relief sought against Arch and denies that there is ripe and justiciable controversy as between Arch and LRN.

Arch denies any and all allegations of the Amended Complaint not explicitly admitted herein and denies that Plaintiff is entitled to any relief sought against Arch.

**AFFIRMATIVE DEFENSES**

Arch sets forth the following affirmative defenses to the Amended Complaint but does not assume the burden of proof on any of the following defenses except as required by applicable law with respect to the particular defense asserted.  Arch reserves its right to assert other defenses, withdraw or modify its defenses, or otherwise amend this Answer based upon discovery of additional facts or evidence.  Arch expressly reserves and does not waive any and all of its rights, remedies, and defenses at law, in equity, and under the Policy and Arch Policy, including but not limited to the right to raise any of the terms, conditions, exclusions, or endorsements of the Policy and Arch Policy, as warranted.

FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Arch upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

The Second Cause of Action of the Amended Complaint does not present a ripe and justiciable controversy against Arch.

THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to name necessary and/or indispensable parties.

FOURTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, by the terms, conditions, limitations, exclusions, and other provisions of the Policies.

FIFTH AFFIRMATIVE DEFENSE

Coverage is barred to the extent that the Insureds (as defined in the Policies) breached the terms and conditions of the Policies.

SIXTH AFFIRMATIVE DEFENSE

Coverage is barred, in whole or in part, by failure of conditions precedent and the

doctrines of waiver, estoppel, and/or release.

SEVENTH AFFIRMATIVE DEFENSE

Coverage is barred pursuant to Exclusion IV.K. of Coverage Part A of the Policy.

EIGHTH AFFIRMATIVE DEFENSE

Arch asserts any other matter that constitutes an affirmative defense under applicable

law, the Policy and/or the Arch Policy, and reserves the right to raise additional defenses as they

become applicable or apparent throughout this action.

WHEREFORE, Arch prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by the Amended Complaint;

2. That Arch be dismissed from this action and awarded its costs of suit incurred; and

3. For such other and further relief which this Court may deem just and proper.

Dated: February 1, 2021                    Respectfully submitted,

                                     _____/s/ Peter Scoolidge_____
                                     Peter Scoolidge (PS7107)
                                     SCOOLIDGE PETERS RUSSOTTI & FOX, LLP
                                     2 Park Avenue - 20th Floor
                                     New York, NY 10016
                                     T:  (212) 729-7708
                                     peter@sprfllp.com

                                     Michael R. Goodstein (*pro hac vice* motion
                                     forthcoming)
                                     BAILEY CAVALIERI LLC
                                     10 W. Broad Street, Suite 2100
                                     Columbus, OH  43215
                                     T:  (614) 229-3231
                                     mgoodstein@baileycav.com

                                     *Counsel for Defendant Arch Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

- John N. Ellison, jellison@reedsmith.com
- David M. Halbreich, dhalbreich@reedsmith.com
- Mark S. Hersh, mhersh@reedsmith.com
- Michael R. Delhagen, mdelhagen@tresslerllp.com
- Jennifer L. Zaluski, jzaluski@tresslerllp.com

_____ /s/ Peter Scoolidge _____

23