

Attorneys at Law
One Penn Plaza
Suite 4701
New York, New York 10119
(646) 833-0900
Fax (646) 833-0877
www.tresslerllp.com

Michael R. Delhagen
646-833-0880
mdelhagen@tresslerllp.com

July 16, 2021

**VIA ECF**

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

RE:   <u>LRN Corp. v. Markel Ins. Co.</u>, No. 1:20-cv-8431 (S.D.N.Y.)
      Tressler File No.: 10988-0237

Dear Judge Gorenstein:

      We are counsel for defendant Markel Insurance Company ("MIC") in the above-referenced action. As you know, your Honor stayed discovery in this matter pending the conclusion of a private mediation, which took place on June 23, 2021. While plaintiff LRN Corporation ("LRN") and MIC were unable to reach a resolution at the June 23, 2021 mediation, MIC understands that LRN continues to negotiate with co-defendant Arch Insurance Company ("Arch"). LRN wishes, however, to lift the stay between MIC and LRN and proceed with discovery, while continuing to stay discovery between LRN and Arch. We write to oppose LRN's proposal for an adjournment of the existing discovery deadlines and instead request that your Honor keep the discovery stay in place at this time.

      If efforts to resolve this matter between LRN and Arch are unsuccessful, the parties will have different discovery deadlines and case-tracks, potentially making it difficult to proceed with depositions, expert discovery, and summary judgment. We propose that the stay remain in place until LRN and Arch have either reached a resolution or have determined that the mediation was unsuccessful.

      In addition, MIC believes that a continuation of the stay is appropriate here until a decision is made in connection with the pending motion to dismiss.[1] "A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." Fed. R. Civ. P. 26(c); *Hertz Global Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188 (S.D.N.Y. Nov. 12, 2020). In determining whether a party has demonstrated good cause, "[c]ourts typically consider 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for the stay." *Id.* (granting stay where pending motion was likely dispositive of the case and opposing party sought extensive discovery,

---

[1] For your Honor's reference, on February 1, 2021, MIC filed a motion to dismiss pursuant to Rules 12(b)(7) and 19 for failure to join necessary party plaintiffs. The motion has been fully briefed since February 23, 2021.

The Honorable Judge Gorenstein
July 16, 2021
Page 2 of 3

including multiple depositions). Here, good cause exists to continue the stay of discovery pending a ruling on MIC's motion to dismiss.

As in *Hertz*, the pending motion to dismiss, if granted, would be dispositive of the case. Moreover, plaintiff's discovery requests are extensive, including the pending motion to compel, plaintiff's request for interrogatories, and seven deposition requests (of both MIC and Arch witnesses), including a 30(b)(6) deposition which would require defendants to prepare corporate witnesses on 25 broad topics. In addition, plaintiff's motion to compel seeks 8 categories of documents, which require electronic searches of multiple custodians as well as review and production of responsive documents. These requests impose significant discovery obligations on MIC that are unreasonable in light of MIC's meritorious motion to dismiss. *See American Federation of Musicians and Employers' Pension Fund v. Atlantic Recording Corp.,* 2016 WL 2641122 (S.D.N.Y. 2016) (granting stay where court found that responding to discovery would impose a "substantial burden" on defendants). Finally, there is little prejudice to LRN because the requested stay is for only until the motion to dismiss – which has been fully briefed for several months – is decided.

Alternatively, if your Honor does think that the stay should be lifted, MIC proposes alternative dates for the adjournment of certain discovery deadlines, specifically with respect to the deadline for the completion of fact depositions. Under LRN's proposed schedule, MIC will have only 45 days to prepare for the depositions of at least four MIC witnesses and any LRN witnesses MIC chooses to depose. During this time, MIC will also be responding to any further document requests and interrogatories propounded by LRN. Moreover, under LRN's proposed schedule, depositions could be concluded before or within days of LRN's responses to MIC's document requests. This would make it difficult for MIC to prepare witnesses for depositions. As a result, in the event that the Court decides to lift the stay, we propose the following discovery schedule:

| **Discovery Category** | **Previous Deadline** | **LRN's Proposed Deadline** | **MIC's Proposed Deadline** |
|---|---|---|---|
| Deadline to serve Requests for Production of Documents | May 14, 2021 | 7 days after entry of an order granting LRN and Markel's updated scheduling order | 7 days after entry of an order granting LRN and Markel's updated scheduling order |
| Deadline to serve Interrogatories | May 14, 2021 | 7 days after entry of an order granting LRN and Markel's updated scheduling order | 7 days after entry of an order granting LRN and Markel's updated scheduling order |
| Deadline to complete Fact Depositions | June 30, 2021 | 45 days after entry of an order ruling on LRN's Motion to Compel. | 90 days after entry of an order ruling on LRN's Motion to Compel. |
| Deadline to serve Requests to Admit | June 15, 2021 | 30 days after entry of an order ruling on | 30 days after entry of an order ruling on |

The Honorable Judge Gorenstein
July 16, 2021
Page 3 of 3

|  |  | LRN's Motion to Compel. | LRN's Motion to Compel. |
|---|---|---|---|
| Completion of Fact Discovery | July 12, 2021 | 60 days after entry of an order ruling on LRN's Motion to Compel. | 120 days after entry of an order ruling on LRN's Motion to Compel. |
| Completion of Expert Discovery, including disclosure of expert reports, production of underlying documents, and depositions | August 26, 2021 | 45 days after completion of Fact Discovery. | 45 days after completion of Fact Discovery. |

      Lastly, as noted by LRN, there are currently two pending matters before the Court for resolution: (1) a motion to dismiss the complaint filed by MIC on February 1, 2021 (the "Motion to Dismiss"); and (2) a May 25, 2021 request by LRN for an informal conference, pursuant to Local Rule 37.2, compelling further discovery responses from MIC (the "Motion to Compel"). Both the Motion to Dismiss and the Motion to Compel have been fully briefed by the parties.

Respectfully,

Michael R. Delhagen

cc:    Plaintiff's counsel (by ECF)
        Defendant Arch Insurance Company's counsel (by ECF)