UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LRN CORPORATION,                                         :

                                                                         :     <u>ORDER</u>
                     Plaintiff,                                                                    20 Civ. 8431 (AJN) (GWG)
                                                                       :
     -v.-
                                                                       :
MARKEL INSURANCE COMPANY, et al.,
                                                                       :

                   Defendants.         :
-------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The stay of discovery (as set forth in Docket # 46) is deemed terminated.  While the Court had planned to issue an order with a new discovery schedule, both parties have proposed schedules (Docket ## 48, 49), that are in part contingent on the resolution of the discovery dispute in Docket # 37.  Having reviewed docket ## 37 and 45, the Court is not convinced that there have been sufficient discussions between the parties directed towards resolving the disputes or minimizing the issues that the Court will be called upon to decide.  For example, it appears defendant is prepared to accede to at least some of the discovery requests made in plaintiff's letter.  (<u>See</u> Docket # 45 at 3-4).

      The parties are directed to confer in person or by telephone about the issues raised in Docket # 37 in an attempt to reach a resolution.  At the in person or telephonic conference, the parties shall discuss each issue in detail and at length, making all efforts to reach a reasonable agreement as to that issue.  If any disputes remain, they shall be presented in the form of a <u>jointly composed letter</u> that describes each dispute in detail and provides the defendant's position as to that dispute in detail.  Before filing such a letter, each side shall be given an opportunity to adjust its portion of the letter to respond to the other side's written draft describing its side of the dispute.  Also, each side must make itself available to consult telephonically with opposing counsel as part of the composition process.  It is critical that, in the final letter, each party address its responses to the other side's position as to each issue.  The Court notes that the Court may decide any disputes based on the letter (unless a party, by means of a separately filed letter, explains why the jointly-composed letter does not sufficiently describe a particular dispute and that formal briefing should be required for that dispute).

      The letter shall be filed by August 3, 2021.  The Court will thereafter issue a scheduling order for the remaining deadlines in this case.  The letter shall also indicate whether either side intends at this time to make expert disclosures.

     Finally, it appears that defendant is seeking a stay of discovery in Docket # 49. The letter does not provide justification for such a stay but it may be that the defendant intended the letter as a request for a pre-motion conference. If so, the pre-motion conference requirement is waived if defendant still wishes to pursue the motion. Obviously, there will be no stay of discovery unless the Court issues an order stating as much.

     SO ORDERED.

Dated: July 21, 2021
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge