# EXHIBIT 1

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LRN CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARKEL INSURANCE COMPANY and<br>ARCH INSURANCE COMPANY,<br><br>　　　　　Defendants. | No. 1:20-cv-08431-AJN |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT MARKEL INSURANCE COMPANY**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff LRN Corporation ("LRN"), hereby propounds the following First Set of Requests for Production of Document on Defendant Markel Insurance Company ("Markel") to produce the following described documents within thirty (30) days of service of this Request.

**DEFINITIONS**

The following definitions apply to all Document Requests set forth below unless otherwise indicated:

1.　　"All", "any", and "each" shall each be construed as encompassing any and all.

2.　　"And", "or", and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests all responses that might otherwise be construed to be outside of its scope.

3.　　"Arch" shall mean Arch Insurance Company and, where applicable, its officers, directors, Employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. "Claim" shall mean the claim for insurance coverage under the Markel Policy for loss, damage, and costs arising from the *Davidow* Lawsuit.

5. "Claim File" shall mean the collection of materials generated, received, assembled, examined or referred to by Markel in response to the Claim.

6. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. "Concern" and "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

8. The "*Davidow* Lawsuit" shall mean the lawsuit styled *Davidow v. LRN Corporation, et al.*, C.A. No. 2019-0150-MTZ (Del. Ch. Ct. filed Mar. 1, 2019)

9. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

10. "Employee" includes every present and former agent, committee, consultant, department, director, division, group, manager, office, officer, independent contractor, and representative of a Person, including at any office of that Person or any affiliate of that Person, anywhere in the world.

11. "Exclusion IV.K." means the exclusion in Section IV.K. of the Markel Policy or other equivalent language found in Directors & Officers insurance policies issued by Markel.

12. "Identify" shall mean, when referring to a Person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in

accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13. "Identify" shall mean, with respect to a Document, to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

14. "Leeds" shall mean Leeds Equity Partners and, where applicable, its officers, directors, Employees, partners, corporate parent, subsidiary or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

15. "LRN" shall mean Plaintiff LRN Corporation and, where applicable, its officers, directors, Employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

16. "Markel" shall mean Defendant Markel Insurance Company, and, where applicable, its officers, directors, Employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

17. The "Markel Policy" shall mean Policy No. MKLC1MML000060 for the Policy Period of December 17, 2018 to December 18, 2024.

18. "Person" includes both the singular and plural, and means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

19. "Private-Place Exception" means the exception to Exclusion IV.K. of the Markel Policy, which states that Exclusion IV.K. shall not apply to any Claim "[b]ased upon arising out of or in any way involving the purchase or sale, or offer or solicitation of an offer to purchase or

sell, any debt or equity securities in a private-placement transaction exempt from registration under the Securities Act of 1933, as amended" or other equivalent language found in Directors & Officers insurance policies issued by Markel.

20. "Refer or relate to" shall mean refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a document, subject, topic, issue, act or occurrence, and includes, without limitation refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a document, subject, topic, issue, act or occurrence, and includes, without limitation

21. "Representative" includes both the singular and the plural and means (1) any past or present officer, director, partner, associate, Employee, servant, agent, subsidiary, affiliate, legal counsel, or any agent of such Persons; and (2) any other Persons acting or purporting to act on behalf of, or in concert with such Persons, including, without limitation, insurance brokers or agents, auditors, actuaries and consultants of any type.

22. "Underwriting Manuals" shall mean, without limitation, instructional materials, guidelines, procedures or other Documents used for guidance, reference or training by Persons involved in the underwriting, drafting, generation or sale of first-party or property insurance policies or reinsurance policies or agreements, generated or effective for the period 2008 to the present.

23. "Underwriting File" refers to the underwriting file as that term is used in the insurance industry, and specifically all Documents used, reviewed or prepared in underwriting, marketing, pricing, generating and selling an insurance policy, including all Communications with agents or brokers, and including but not limited to all applications, questionnaires, coverage offer

forms, policy booklets, riders, endorsements, floaters, computer records, premium notices, billing statements, documentation of premiums paid, memoranda, post-it notes, electronic mail, e-mail, agency documents, photographs, inter-office correspondence, agency correspondence and memoranda, fax material, underwriting or agency worksheets, claims histories, underwriting note reviews, offers of insurance, binders, draft policies, printouts from any computer systems used in the underwriting department, and notifications reducing or expanding coverage and exclusions.

24. "You" and "Your" shall mean Defendant Markel Insurance Company in the above-captioned lawsuit, as well as to any of its corporate affiliates, divisions, subgroups, subsidiaries, parent corporations, predecessors-in-interest, successors, assignees, agents, legal representatives, trustees, consultants, and all representatives and other Persons acting on its behalf, and its present and former officers, directors, servants, and Employees.

## INSTRUCTIONS

1. If any Document Request (or portion thereof) is objected to, You shall state the reason for the objection in detail.

2. If any Document called for by these Document Requests is withheld under a claim of privilege, furnish a list at the time the Document is withheld setting forth the following for each Document for which privilege is claimed:  (a) the nature of the privilege asserted; (b) the type of Document; (c) the general subject matter of the Document; (d) the date of the Document; (e) the author of the Document; (f) all addressee(s) and distributee(s); (g) all other Persons who have seen the Document or been informed of its contents; and (h) such other information as is sufficient to identify the Document for a subpoena duces tecum.

3. The use of the singular form of any word includes the plural and vice versa.

4. Each Document produced for inspection or copying shall be produced as kept in the usual course of business.

5. Each Document Request is continuing in nature and requires further and supplemental productions.

## DOCUMENT REQUESTS

1. A certified copy of the Markel Policy.

2. All Documents and Communications, including but not limited to those with LRN, Leeds, the insurance brokers of LRN or Leeds, and/or Arch, relating to the Claim.

3. All Documents Concerning the Claim, including the complete Claim File, as well as any other Documents Markel used, generated or reviewed in the course of evaluating the Claim.

4. All Documents, including but not limited to those Concerning Communications, upon which You rely or have relied in accepting or denying all or part of the Claim or reserving Your rights to deny all or part of the Claim.

5. All Documents, with respect to any aspect of the Claim, reviewed by, referenced by, generated by, sent by You to or received by You from any person or firm hired by You as part of Your response to the Claim.

6. All Documents Concerning Communications with any Person regarding the Claim or Markel's obligations to provide insurance coverage for the Claim.

7. All Documents, including but not limited to those Concerning Communications, with LRN or Leeds and/or LRN or Leeds' insurance brokers with respect to placement of the Markel Policy.

8. The complete underwriting file(s) for the Markel Policy.

9. To the extent not contained in the underwriting file(s), all Documents, including but not limited to those Concerning Communications, related to the underwriting or negotiation of the Markel Policy.

10. All documents relating to Markel's application and interpretation of Exclusion IV.K. and/or the Private-Placement Exception, including but not limited to all underwriting manuals, claims manuals, or bulletins.

11. All Documents that constitute Markel's marketing, explanatory, or educational (external or internal) materials relating to Exclusion IV.K and/or the Private-Placement Exception.

12. All Underwriting Manuals related to the Markel Policy or Directors & Officers insurance policies sold by Markel.

13. All Documents Concerning any filing with any government agency with regard to the policy form(s) that make up the Markel Policy.

14. All Documents, including but not limited to those Concerning Communications, reflecting all activities (including but not limited to review, analysis, evaluation, investigation, research, letters, or reports) conducted by Markel or at Markel's direction in connection with the Claim.

15. All Documents, including but not limited to those Concerning Communications, relating to Markel's claims reserves or accounting treatment for LRN's claims under the Markel Policy.

16. All Documents Concerning insurance coverage, the amount of insurance coverage or the lack of insurance coverage under the Markel Policy for the Claim.

17. All Communications between Markel and its reinsurers regarding the Claim.

18. All Documents from 2016 to present Concerning language that is the same or substantially similar to Exclusion IV.K. and/or the Private-Placement Exception in policies issued to any policyholder other than LRN. Such Documents requested shall include, but are in no way limited to, reservations of rights letters and/or coverage denial letters issued by Markel to

any of its policyholders, as well as all motions, legal briefs, legal memoranda, order, awards, and/or rulings (whether issued in connection with a civil lawsuit or arbitration). Names and other confidential information identifying Markel's other policyholders may be redacted.

**REED SMITH LLP**

Dated: February 1, 2021     By:     s/John N. Ellison
John N. Ellison
599 Lexington Avenue
New York, NY 10022
T: (212) 521-5400
F: (212) 521-5450
jellison@reedsmith.com

David M. Halbreich (admitted *pro hac vice*)
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071
T: (213) 457-8000
F: (213) 457-8080
dhalbreich@reedsmith.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, the foregoing First Request for Production of Documents was served on the following counsel of record via email:

Michael Delhagen, Esq.
Jennifer Zaluski, Esq.
Tressler LLP
One Penn Plaza, Suite 4701
New York, New York 10119
mdelhagen@tresslerllp.com
jzaluski@tresslerllp.com


Michael Goodstein, Esq.
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH  43215
mgoodstein@baileycav.com


Peter Scoolidge, Esq.
Scoolidge, Peters, Russotti & Fox, LLP
2 Park Avenue - 19th Floor
New York, NY 10016
peter@sprfllp.com


By:    s/ John N. Ellison
       John N. Ellison