EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LRN CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>MARKEL INSURANCE COMPANY,<br>ARCH INSURANCE COMPANY<br><br>              Defendants. | Civil Action No. 1:20-cv-8431-AJN<br><br>**DEFENDANT MARKEL INSURNACE COMPANY'S RESPONSES AND OBJECTIONS TO LRN CORPORATION'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

## DEFENDANT MARKEL INSURNACE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Markel Insurance Company ("MIC") hereby responds and objects to Plaintiff's First Set of Requests for Production of Documents to MIC dated February 1, 2021, as follows:

## PRELIMINARY STATEMENT

The search by MIC for documents and information is ongoing. MIC, therefore, reserves its rights to rely on any facts, documents, or other evidence which may develop or come to the attention of MIC after the serving of these responses and objections. The responses and objections set forth below are based upon information presently known to MIC and its attorneys and are without prejudice to the rights of MIC to assert additional objections or supplemental responses should MIC discover additional information or grounds for objections. MIC reserves its rights to supplement or amend these responses and objections at any time prior to trial.

The inadvertent production of any information that is properly protected from disclosure by the attorney-client privilege, the common-interest privilege, the work-product doctrine, and/or any other privilege or protection shall not be construed as a waiver of such privilege or protection.

Nothing herein shall be construed as an admission of MIC with respect to the admissibility or relevance of any information provided at any time.

## GENERAL OBJECTIONS TO ALL DOCUMENT REQUESTS

Each of the Requests is responded to subject to the general objections as set forth below. Each of these general objections is incorporated by reference into each of MIC's responses, even if they are not specifically referred to in each response. Any specific objection or response by MIC is made without waiver of, and subject to, these general objections.

1.      MIC objects to the requests and definitions to the extent that they conflict with or seek to impose any requirements in addition to, or different than, those required by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), or any order of the Court.

2.      MIC objects to these requests to the extent they seek documents covered by the attorney-client privilege, the work product doctrine, the joint-defense privilege, the self-evaluative privilege, or any other applicable privilege or immunity. MIC will provide documents that it believes are non-privileged and are otherwise properly discoverable. By providing such documents, MIC does not waive any applicable privileges. To the extent that a request may be construed as seeking such privileged or protected documents, MIC hereby claims such privilege and invokes such protection. The fact that MIC does not specifically object to an individual request on the ground that it seeks such privileged or protected information or documents shall not be deemed a waiver of the protection afforded by the attorney-client privilege, the attorney work

2

product doctrine, or any other applicable privilege or protection. MIC construes these requests as not seeking documents from the files of outside counsel or in-house counsel that constitute attorney-client communications and work product generated in connection with this or other litigation and object to these requests as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as they purport to require a search for such privileged and work product material or the inclusion of any such material on a privilege log.

3.      MIC objects to each Request to the extent it seeks confidential business information of a proprietary nature concerning, among other things and without limitation, internal policies and procedures, whether memorialized in manuals or otherwise. MIC also objects to each Request to the extent it seeks information concerning procedures and/or guidelines of a generic nature, as such information is neither relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

4.      MIC objects to each Request to the extent that it seeks extrinsic evidence relating to the meaning and/or interpretation of the language of any insurance policy and/or the intentions of the parties to the insurance policy and/or drafting history of any form or manuscript definition, condition, exclusion or other provision contained in any insurance policy, because such evidence is irrelevant because there has been no finding (or even contention) that the language of any policy at issue is ambiguous, and therefore such Requests will not lead to the discovery of admissible or relevant evidence.

5.      MIC objects to each Request to the extent it seeks commercially sensitive information, including, but not limited to, confidential and proprietary information and trade secrets, premium, reinsurance and reserve information.

6.      MIC objects to each Request generally to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7.      MIC objects to each Request insofar as it seeks information or documents not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

8.      As to claims information, MIC asserts a blanket claim of privilege as to, and will not create a privilege log for, any information or documents post-dating the anticipation of litigation, all of which are subject to the work product doctrine and/or the attorney-client privilege.

9.      MIC objects to each Request to the extent it requires disclosure of information or documents relating to any of its insureds who are not parties to this litigation on the grounds that such Requests are overbroad, calculated to cause annoyance and undue burden and expense, are irrelevant to this case and are not reasonably calculated to lead to the discovery of admissible evidence.  In addition, such information or documents are generated as a result of relationships arising out of insurance contracts with others and thus are confidential and proprietary in nature, and, in any event, such other insureds would be entitled to notice of such contemplated production and an opportunity to object.

10.      MIC objects to these requests to the extent they seek documents in which nonparties have a legitimate expectation and/or right of privacy.

11.      MIC objects to these requests insomuch as they are wholly or partially duplicative of one another or of other of Plaintiff's discovery requests.

12.      MIC objects to these requests on the grounds that they are not limited to a relevant time period that is proximate to the events at issue in this action or the claims asserted in the Amended Complaint.

13.     MIC objects to each Request to the extent that it seeks information, documents, materials in the public domain, that are already within Plaintiff's possession or control, or generally available to the Plaintiff, on the grounds that such Requests are unduly burdensome and oppressive.

14.     MIC objects to each request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, not relevant to any party's claim, and not proportional to the needs of the case.  MIC further objects to each request to the extent that it requires or purports to require MIC to make a special study, perform any calculations, generate documents that do not exist, or provide documents other than those maintained by MIC in the ordinary course of business.

15.     MIC's responses are made without waiving or intending to waive, in any way (a) any objections to competency, relevancy, materiality, privilege, and/or admissibility as evidence for any purpose of the responses to the requests, or subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (b) the right to object on any ground to the use of these responses, or the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action; (c) the right to object to a demand for further responses to these or any other discovery involving or related to the subject matter of the requests; and (d) the right to object on any ground to any other or future discovery requests.

16.     Any statement in these responses that MIC will "produce" documents in response to a particular document request is not an assertion that such documents exist, but only that MIC will perform a reasonably diligent search for documents within MIC's possession, custody, or control and produce any non-privileged responsive documents that are found as a result of such search.

17.    The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information disclosed by MIC.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    MIC objects to the definitions of "communication" and "document" to the extent that they purport to impose obligations beyond those required by applicable law.

2.    MIC objects to the definition of "claim" as overly broad and improper to the extent that it imposes meaning beyond the definition of **Claim** in Policy No. MKLC1MML000060 for the Policy Period of December 17, 2018 to December 18, 2024.

3.    MIC objects to the definition of the term "Identify", when used to refer to a natural person, on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the subject matter of this action.

4.    MIC objects to the definition of the term "Identify", when used to refer to a document, on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence or information relevant to the subject matter of this action.

5.    MIC objects to the definitions and instructions regarding how to respond to the Request and how to claim privilege, and other matters, to the extent that they exceed the requirements of applicable law.

## RESPONSES TO REQUESTS FOR PRODUCTION

Subject to and without waiving any of the foregoing General Objections, MIC responds to Plaintiffs' individual requests as set forth below.

6

1.      **A certified copy of the Markel Policy.**

> **<u>Response</u>:**  Subject to and without waiving the general objections stated above,
> MIC will produce a copy of For Profit Management Liability Policy No.
> MKLC1MML00070 issued to LRN Corporation for the policy period December
> 17, 2018 to December 18, 2024.

2.      **All Documents and Communications, including but not limited to those with LRN, Leeds, the insurance brokers of LRN or Leeds, and/or Arch, relating to the Claim.**

> **<u>Response</u>:**  MIC objects to this Request on the ground that the phrase "the
> insurance brokers of LRN or Leeds" is vague and ambiguous.  MIC also objects to
> the extent this Request seeks correspondence exchanged with LRN or Leeds, which
> are equally in LRN's possession.  Without waiving, and subject to the foregoing
> specific and general objections, MIC will produce responsive, non-privileged
> documents contained in its claim file for the underlying *Davidow* Lawsuit (the
> "Claim File").

3.      **All Documents Concerning the Claim, including the complete Claim File, as well as any other Documents Markel used, generated or reviewed in the course of evaluating the Claim.**

> **<u>Response</u>:**  MIC objects to this Request on the ground that the phrase "in the course
> of evaluating the Claim" is vague and ambiguous.  Without waiving, and subject to
> the foregoing specific and general objections, MIC will produce responsive, non-
> privileged documents contained in the Claim File.

4.      **All Documents, including but not limited to those Concerning Communications, upon which You rely or have relied in accepting or denying all or part of the Claim or reserving Your rights to deny all or part of the Claim.**

> **<u>Response</u>:**  Without waiving, and subject to the foregoing general objections, MIC
> will produce responsive, non-privileged documents contained in the Claim File.

5.  **All Documents, with respect to any aspect of the Claim, reviewed by, referenced by, generated by, sent by You to or received by You from any person or firm hired by You as part of Your response to the Claim.**

> **Response:** MIC objects to this Request on the ground that the phrases "any aspect" and "Your response" are vague and ambiguous. MIC further objects to this request to the extent that it is overbroad and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. MIC further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product doctrine, and/or materials prepared in anticipation of litigation. Without waiving, and subject to the foregoing specific and general objections, MIC will produce responsive, non-privileged documents contained in the Claim File or the underwriting file for For Profit Management Liability Policy No. MKLC1MML00070 (the "Underwriting File").

6.  **All Documents Concerning Communications with any Person regarding the Claim or Markel's obligations to provide insurance coverage for the Claim.**

> **Response:** Without waiving, and subject to the foregoing general objections, MIC will produce responsive, non-privileged documents contained in the Claim File.

7.  **All Documents, including but not limited to those Concerning Communications, with LRN or Leeds and/or LRN or Leeds' insurance brokers with respect to placement of the Markel Policy.**

> **Response:** MIC objects to this Request on the ground that the phrase "with respect to the placement" is vague and ambiguous. MIC further objects to this Request on the ground that it is unduly burdensome to the extent it lacks appropriate temporal limitations, and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the

needs of the case. MIC also objects to the extent this Request seeks correspondence exchanged with LRN or Leeds, which are equally in LRN's possession. Without waiving, and subject to the foregoing specific and general objections, MIC will produce responsive, non-privileged documents contained in the Underwriting File.

8.    **The complete underwriting file(s) for the Markel Policy.**

**Response**: MIC objects to this Request to the extent it seeks confidential or proprietary information. Without waiving, and subject to the foregoing specific and general objections, MIC will produce responsive, non-privileged documents contained in the Underwriting File.

9.    **To the extent not contained in the underwriting file(s), all Documents, including but not limited to those Concerning Communications, related to the underwriting or negotiation of the Markel Policy.**

**Response**: MIC objects to this Request as it is overly broad and unduly burdensome to the extent it lacks appropriate temporal limitations, and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. MIC further objects to this Request to the extent it seeks confidential or proprietary information. Without waiving, and subject to the foregoing specific and general objections, MIC will produce non-privileged documents that are responsive to this Request.

10.   **All documents relating to Markel's application and interpretation of Exclusion IV.K. and/or the Private-Placement Exception, including but not limited to all underwriting manuals, claims manuals, or bulletins.**

**Response**: In addition to its General Objections as set forth above, MIC objects to this Request as it is overly broad and unduly burdensome to the extent it lacks appropriate temporal limitations, and seeks documents neither relevant to this

9

action nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case. MIC further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product doctrine, and/or materials prepared in anticipation of litigation. Additionally, MIC objects to the extent this Request seeks confidential or proprietary information.

11.    **All Documents that constitute Markel's marketing, explanatory, or educational (external or internal) materials relating to Exclusion IV.K and/or the Private-Placement Exception.**

**Response**:  In addition to its General Objections as set forth above, MIC objects to this Request as it is overly broad and unduly burdensome to the extent it lacks appropriate temporal limitations, and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, or proportional to the needs of the case.  MIC further objects to this Request on the grounds that it is vague, ambiguous, and overly broad in that the terms "marketing, explanatory, or educational (external or internal) materials" are undefined and susceptible to multiple interpretations.  MIC further objects to this Request to the extent it seeks documents protected by attorney-client privilege. Additionally, MIC objects to the extent this Request seeks confidential or proprietary information.

12.    **All Underwriting Manuals related to the Markel Policy or Directors & Officers insurance policies sold by Markel.**

**Response**:  In addition to its General Objections as set forth above, MIC objects to this Request as it is overly broad and unduly burdensome to the extent it lacks appropriate temporal limitations, and seeks documents neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, or

proportional to the needs of the case.  Additionally, MIC objects to the extent this

Request seeks confidential or proprietary information.

13.    **All Documents Concerning any filing with any government agency with regard to the policy form(s) that make up the Markel Policy.**

> **Response**:  In addition to its General Objections as set forth above, MIC objects to
>
> this Request as it is overly broad and unduly burdensome to the extent it lacks
>
> appropriate temporal limitations, and seeks documents neither relevant to this
>
> action nor reasonably calculated to lead to the discovery of admissible evidence, or
>
> proportional to the needs of the case.   MIC further objects to this Request on the
>
> ground that the phrase "any filing with any government agency" is vague and
>
> ambiguous.  Additionally, MIC objects to the extent this Request seeks confidential
>
> or proprietary information.

14.    **All Documents, including but not limited to those Concerning Communications, reflecting all activities (including but not limited to review, analysis, evaluation, investigation, research, letters, or reports) conducted by Markel or at Markel's direction in connection with the Claim.**

> **Response:**  MIC objects to this Request on the ground that "all activities" is overly
>
> broad, vague and ambiguous.  Without waiving, and subject to the foregoing
>
> specific and general objections, MIC will produce responsive, non-privileged
>
> documents contained in the Claim File.

15.    **All Documents, including but not limited to those Concerning Communications, relating to Markel's claims reserves or accounting treatment for LRN's claims under the Markel Policy.**

> **Response**:  In addition to its General Objections as set forth above, MIC objects to
>
> this Request to the extent that it seeks documents neither relevant to this action nor
>
> reasonably calculated to lead to the discovery of admissible evidence, or

proportional to the needs of the case.  Additionally, MIC objects to the extent this

Request seeks confidential or proprietary information.

16.     **All Documents Concerning insurance coverage, the amount of insurance coverage or the lack of insurance coverage under the Markel Policy for the Claim.**

**Response:**  MIC objects to this Request to the extent it seeks documents protected

by attorney-client privilege, the work product doctrine, and/or materials prepared

in anticipation of litigation.  Without waiving, and subject to the foregoing specific

and general objections, MIC will produce responsive, non-privileged documents

contained in the Claim File.

17.     **All Communications between Markel and its reinsurers regarding the Claim.**

**Response**:  Subject to and without waiving any of the foregoing general objections,

MIC is unaware of any documents responsive to this Request at this time.

18.     **All Documents from 2016 to present Concerning language that is the same or substantially similar to Exclusion IV.K. and/or the Private-Placement Exception in policies issued to any policyholder other than LRN. Such Documents requested shall include, but are in no way limited to, reservations of rights letters and/or coverage denial letters issued by Markel to any of its policyholders, as well as all motions, legal briefs, legal memoranda, order, awards, and/or rulings (whether issued in connection with a civil lawsuit or arbitration). Names and other confidential information identifying Markel's other policyholders may be redacted.**

**Response**:  In addition to its General Objections as set forth above, MIC objects to

this Request to the extent that it seeks documents neither relevant to this action nor

reasonably calculated to lead to the discovery of admissible evidence, or

proportional to the needs of the case.  Additionally, MIC objects to the extent this

Request seeks confidential or proprietary information.

Dated: New York, New York                              TRESSLER, LLP

12

March 3, 2021

By: _/s/Michael R. Delhagen_____
      Michael R. Delhagen (MD5555)

Michael R. Delhagen (MD 5555)
Jennifer L. Zaluski, Esq. (4867776)
One Penn Plaza, Suite 4701
New York, New York 10119
Tel: (646) 833-0900
Fax: (646) 833-0877
mdelhagen@tresslerllp.com
jzaluski@tresslerllp.com