UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LRN CORPORATION,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARKEL INSURANCE COMPANY and<br>ARCH INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:20-cv-08431-AJN |

**JOINT STIPULATION GOVERNING THE PRODUCTION OF
DISCOVERY MATERIALS AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED**, by and among, LRN Corporation ("LRN"), Markel Insurance Company ("Markel") and Arch Insurance Company ("Arch") (collectively, the "Parties" and each, a "Party"), through their respective undersigned counsel, that the following terms and conditions of this Joint Stipulation Governing the Production of Discovery Materials and Protective Order (this "Order") shall govern the collection, production, and handling of documents, things, depositions and deposition exhibits, written discovery responses, testimony, portion(s) of any of these things, and any other information produced, given, or exchanged between any Party to this case and any other Party or non-parties in the above-referenced action (collectively, the "Material").

**Discovery and ESI Protocol**

  1. **Preservation.** The Parties shall take reasonable and proportional steps to preserve reasonably-accessible documents and electronically stored information ("ESI") that are relevant to the claims and defenses in this matter.

  2. **Inaccessible ESI.** The Parties agree that the Parties need not preserve, search for, or

produce: (1) deleted, slack, fragmented, or other data only accessible by forensics; (2) random access memory (RAM), temporary files, or other data difficult to preserve without disabling the operating system; (3) on-line access data such as temporary internet files, history, cache, cookies, and the like; (4) server, system, or network logs; (5) data remaining from systems no longer in use that is unintelligible on the systems currently in use; and (6) back-up data that is entirely duplicative of data that can be collected elsewhere.  Also, absent a showing of good cause, the following are deemed not reasonably accessible and need not be collected or preserved: (1) mobile phones and personal devices; (2) voicemail messages; and (3) instant messages and/or chats, including those on platforms such as Google texting platforms.

3.  **Identification and collection of custodial documents and ESI.**  The Parties will take reasonable steps to produce responsive ESI stored on reasonably accessible sources.  It is the producing Party's right to determine the best method of search and review and how it will comply with its obligations pursuant to Federal Rule of Civil Procedure 26.

4.  **Archived materials.**  Archives that are created primarily for back-ups or disaster recovery purposes and not used as reference materials in the ordinary course of a Party's business operations need not be searched or produced absent good cause, and further subject to the producing Party's claim of undue burden or cost or other objections.

5.  **Deduplication and threading.**  The Parties may employ, at their own election, industry-standard deduplication procedures globally across non-email ESI at the document level and globally across e-mail at the family level to avoid the production of documents and/or email families that are complete duplicates of others already produced, included as email attachments, or selected for production.  Duplicate documents or email eliminated from production pursuant to these processes will include an "All Custodian" metadata field listing each custodian who possessed the duplicate document or email. A Party may also elect to "thread" emails to eliminate

duplicative non-inclusive content so that only unique and final-in-time email content is produced.

6. **Document production format.** Documents and ESI shall be produced as follows:

   a. Page-level Group IV TIFF images for B&W images @ 300 DPI.

   b. Page level JPEG format images for color items @ 300 DPI; but color documents for which only the email footer or other similarly inconsequential information is in color may be produced in black and white.

   c. In the event information is redacted, regardless of format, images will be clearly labeled to show that material has been redacted.

   d. TIFF or JPEG images should match the page level PRODBEG number, and placed in a separate image folder labeled "Images."

Image linking load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

7. **Parent-child relationships.** The association between an attachment and its parent document must be preserved in such a way that a document and any attachments to that document are produced in the same production set and are identifiable as parent and child.

8. **Footer.** Each image is to be endorsed with a unique serial ("BATES") number. The BATES number shall not obscure any information in the image and placed in the lower right corner. Any other endorsement, such as a confidentiality stamp, should be placed in the lower left corner.

9. **Embedded files.** Embedded files, except for images and logos embedded in emails, are to be produced as family groups. Embedded files should be assigned BATES numbers that directly follow the BATES numbers on the documents within which they are embedded.

10. **Native files.** The Parties agree that all spreadsheets (including but not limited to Microsoft Excel files), video files, or audio files may be produced in native format in lieu of TIFFs.

To the extent any arise, the Parties will meet-and-confer regarding the production of native files in other situations where an electronic document cannot be produced accurately in the TIFF image format. For all native files produced, a slip sheet shall be included noting that a document was produced in native format. Documents produced in native format should have extracted text/OCR provided to the extent feasible or available. The native files should be named after the corresponding PRODBEG number and placed in a separate folder labeled "Natives."

11. **Load files and metadata.** An IPRO LFP or Opticon (OPT) image load file named after the delivery volume for images and document boundaries only will accompany each production. Metadata files included with the load file should be provided in accordance with **Exhibit A**, if programmatically available. No Party is required to undertake a manual effort to create data for the fields mentioned in Exhibit A if such metadata was not part of the original collection (e.g., hard copy documents).

12. **OCR/extracted text.** All OCR or Extracted Text files will be provided on the document level for all documents produced and will be named after the corresponding PRODBEG number with the extension of .txt, and placed in a separate folder labeled "Text."

13. **No obligation to convert third party productions.** The Parties agree that any document production received from a third party shall be produced in the format in which it was received.

14. **Privilege and redactions.** To the extent a document or email family is withheld or redacted on the basis of privilege, the Party withholding that document will prepare and produce at the conclusion of all document production a privilege log. The Parties agree that available metadata associated with each withheld or redacted document or email family will form the basis for the privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5). The Parties will not be required to reflect in any privilege log any documents created on or after April 27, 2020.

To the extent a Party believes it requires additional information regarding a document contained on the privilege log, the Parties will meet-and-confer in an effort to identify and agree upon the additional information to be supplied. Nothing in this Order will prevent a Receiving Party from challenging the assertion of privilege or other protection with respect to any documents or electronically stored information subject to discovery in this case.

**Confidential Material**

15. **Scope.** Any Party required to produce documents or information, or to provide testimony pursuant to a subpoena or Court Order, may designate as "Confidential" and subject to this Order any Material: (a) containing or reflecting trade secrets or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data; (b) containing personal/private information; (c) containing information received in confidence; or (d) which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (collectively, "Confidential Material"). "Designating Party" means the Party who so designates the protected information; "Receiving Party" means the Party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents.

16. **Restricted Use.** Confidential Material may be used only for the preparation, trial and any appeal of this litigation, as well as related settlement negotiations, and shall not be used for any other purpose without the written consent of the Designating Party. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 17 of this Order, unless the Receiving Party obtains prior written agreement from the Producing Party or this Court orders otherwise. No Confidential Material may be disclosed to any person except in accordance with

the terms of this Order. All persons in possession of Confidential Material agree to exercise reasonable care with regard to the custody, use or storage is such information to ensure that its confidentiality is maintained.

17. **Access to "Confidential Information".** Other than as set forth in paragraph 16 above, Confidential Material may only be disclosed to the following individuals under the following conditions:

   a. the Parties to this litigation and their counsel of record, outside counsel, and in-house counsel;

   b. the affiliates, officers, directors, underwriters, claim service mangers, employees, or agents of the Parties who have a need to know or see the Confidential Material for purposes of this action;

   c. the retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute the attached "Agreement to be Bound by Stipulation Governing Discovery Materials and Protective Order";

   d. this Court and this Court's personnel;

   e. any mediator or arbitrator engaged by the Parties to this litigation;

   f. any deponent or witness in this litigation;

   g. the vendors retained by the Parties to this litigation, to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, demonstrative and audiovisual aid companies, and stenographers;

   h. the secretarial, paralegal, clerical, duplicating, and data processing personnel of any of the foregoing;

    i. the author or recipient of a document containing the Confidential Material or a custodian or other person who otherwise possessed or knew the information;

    j. to the extent contractually obligated, any insurer or reinsurer, and the Parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

    k. regulatory authorities if required by such regulatory body; and

    l. other persons only after notice to all parties and upon order of the Court, or upon written consent of the Parties.

18. **Manner of Designation.** Each page of any document subject to this Order shall be stamped or otherwise affixed with the legend "CONFIDENTIAL" in a manner that does not interfere with the legibility of the document to indicate that it is subject to this Order. Any confidential designation which is inadvertently omitted subsequent to the Court's Order may be corrected by written notification to opposing counsel.

19. **Third Party Requests for Information.** If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which the Receiving Party is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking material which was produced or designated as Confidential Material in this action by someone other than the Receiving Party, the Receiving Party shall give prompt written notice at the earliest possible time of receipt of such subpoena, demand, or legal process, to those who produced or designated the Confidential Material. The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Order and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving written notice to the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to

challenge or appeal any order requiring production of Confidential Material covered by this Order, or to subject himself, herself, or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

20. **In-Court Use of Designated Information.** If Confidential Material designated pursuant to this Order will or may be offered in evidence at a hearing or trial by a Receiving Party, then the Receiving Party must give advance notice to the Producing Party prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*. If either Party seeks to file any of the Confidential Material with the Court, they shall seek to file such documents under seal pursuant to the Local Rules and the Policies and Procedures of this Court. Nothing in this Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

21. **Challenges to Designated Information.** If counsel for a Receiving Party objects to the designation of Confidential Material in whole or in part, counsel shall serve on the Producing Party a written objection describing with particularity the grounds for objection. Counsel for the Producing Party shall respond to the objection in writing within twenty-one (21) days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the Producing Party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) days by phone in an effort to resolve the dispute. If the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute to this Court. The Parties may, by written agreement, enlarge the deadlines set forth in this paragraph.

22. **Non-Waiver Effect of Designations.**  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any Party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

23. **Own Use.**  This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Material for any purpose. Nothing in this Stipulation and Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Confidential Material shall not be deemed a waiver of the terms of this Order.

24. **Failure to Make Designation.**  If, at any time, a Party discovers that it produced or disclosed Confidential Material without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).  The Receiving Party may then request substitute production of the newly-designated information.  Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Producing Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Producing Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

  B. **Inadvertent Production of Privileged Information.** The Parties agree that the inadvertent production of documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, whether or not designated Confidential Material under this Protective Order, shall not be deemed a waiver of any applicable privilege or protection. If, at any time, a Party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the Producing Party must produce substitute information that redacts the information subject to the claimed protection. The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

  25. **Amendment or Modification.** This Order is entered without prejudice to the right of any Party to move the Court for modification of or relief from any of its terms on notice to the other Parties.

  26. **Handling of Designated Information Upon Conclusion of Action.** Upon final settlement or other conclusion of this litigation, including any appeal, every Party subject to this Order must either return all original Confidential Material to the originating source or maintain and keep all Confidential Material confidential in accordance with this Order.

  27. **Continued Restrictions Under This Order.** This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties.

Dated:  August 13, 2021

| | |
|---|---|
| **REED SMITH LLP** | **TRESSLER LLP** |
| _____s/John N. Ellison_____ | _____s/Michael Delhagen (with consent)_____ |
| John N. Ellison | Michael Delhagen |
| 599 Lexington Avenue | Jennifer Zaluski |
| New York, NY 10022 | One Penn Plaza, Suite 4701 |
| T:  (212) 521-5400 | New York, NY 10119 |
| jellison@reedsmith.com | T: (646) 833-0900 |
| | mdelhagen@tresslerllp.com |
| David M. Halbreich (*pro hac vice*) | jzaluski@tresslerllp.com |
| 355 South Grand Avenue | |
| Suite 2900 | *Attorneys for Markel Insurance Company* |
| Los Angeles, CA 90071 | |
| T:  (213) 457-8000 | |
| dhalbreich@reedsmith.com | |
| | |
| Lisa A. Szymanski (*pro hac vice*) | |
| Three Logan Square | |
| 1717 Arch Street, Suite 3100 | |
| Philadelphia, PA 19103 | |
| T:  (215) 851-8100 | |
| lszymanski@reedsmith.com | |
| | |
| *Attorneys for LRN Corporation* | |
| | **BAILEY CAVALIERI LLC** |
| | |
| | s/Michael R. Goodstein (with consent) |
| | Michael R. Goodstein (*pro hac vice*) |
| | 10 W. Broad Street, Suite 2100 |
| | Columbus, OH 43215 |
| | T:  (614) 229-3231 |
| | mgoodstein@reedsmith.com |
| | |
| | **SCOOLIDGE PETERS RUSSOTTI** |
| | **  & FOX, LLP** |
| | Peter Scoolidge |
| | 2 Park Avenue – 20th Floor |
| | New York, NY 10016 |
| | T:  (212) 729-7708 |
| | peter@sprfllp.com |
| | |
| | *Attorneys for Arch Insurance Company* |

**JOINT PROPOSED ORDER APPROVING
STIPULATION GOVERNING DISCOVERY MATERIALS AND PROTECTIVE
AGREEMENT**

**DONE AND ORDERED** in New York, New York, this 16th day of August, 2021.

*/s/ Gabriel W. Gorenstein*

_____
THE HONORABLE GABRIEL W. GORENSTEIN

Copies furnished:
All counsel of record

## Exhibit A

The following metadata fields or their equivalent should be provided with document disclosures:

| Field | Description |
| --- | --- |
| Begin Bates | Beginning Bates Number for document. |
| End Bates | End Bates Number for document. |
| Begin Attach | Beginning Bates Number for Parent of Group/Family document. |
| End Attach | End Bates Number for Parent of Group/Family document. |
| From | Author of the email message. |
| To | Main recipient(s) of the email message. |
| CC | Recipient(s) of "Carbon Copies" of the email message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the email message. |
| Date/Time Sent | Sent date/time of an email message. |
| Email_Subject | Subject of the email message. |
| Author | Author field value pulled from metadata of the native file. |
| File Title | Title field value extracted from the metadata of the native file. |
| File Name | File Name field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| Date/Time Created | Creation date/time of the native file. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the email. |
| Date/Time Last Modified | Date/Time the native file was last modified. |
| PgCount | Number of pages in a document. |
| TextPath | Logical file path to the text file. |
| NativePath | Logical file path to the native file. |

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LRN CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MARKEL INSURANCE COMPANY and ARCH INSURANCE COMPANY,<br><br>Defendants. | Case No. 1:20-cv-08431-AJN |

**AGREEMENT TO BE BOUND BY JOINT STIPULATION**
**GOVERNING DISCOVERY MATERIALS AND PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Joint Stipulation Governing Discovery Materials and Protective Order in the above-captioned action and attached to this Order, understands its terms, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court in the Southern District of New York for the purpose of proceedings relating to my performance under, compliance with or violation of the Protective Order.

The undersigned understands that the terms of the Joint Stipulation Governing Discovery Materials and Protective Order obligate him/her to use materials designated as "CONFIDENTIAL" or substantially equivalent language, in accordance with the Joint Stipulation Governing Discovery Materials and Protective Order solely for purposes of the above-captioned action. The undersigned shall not to disclose any information contained in materials designated as "CONFIDENTIAL" to any other person or entity.

The undersigned agrees that at the conclusion of the litigation, he/she will return all

confidential information to the party or attorney from whom he/she received it.

The undersigned understands that disclosure of information designated "CONFIDENTIAL" in violation of the Joint Stipulation Governing Discovery Materials and Protective Order may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Printed Name: _____

Signature: _____