```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LRN Corporation,

                    Plaintiff,

        –v–

Markel Insurance Co., et al.,

                    Defendants.

20-cv-8431 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

This action arises from an insurance coverage dispute between Plaintiff LRN Corporation

and several of its directors and Defendants Markel Insurance Company and Arch Insurance

Company.  Before the Court is Defendant Markel's motion to dismiss pursuant to Federal Rules

of Civil Procedure 12(b)(7) and 19.  Dkt. No. 23.  For the reasons that follow, the motion is

DENIED.

## I. BACKGROUND

Plaintiff LRN Corporation is a privately-held company incorporated in Delaware and has

its principal place of business in New York.  Dkt. No. 9, Am Compl. ¶ 20.  Defendant Markel is

an insurance company incorporated in Illinois and has its principal place of business in Virginia.

*Id.* ¶ 21.

This insurance coverage dispute arises out of an underlying lawsuit filed in February

2019, in the Delaware Chancery Court, brought by Robert A. Davidow against LRN and three of

its directors, Dov Seidman, Lee Feldman, and Mats Lederhausen.  Dkt. No. 9-6, *Robert A.*

*Davidow, et al. v. Dov Seidman, et al.*, Case No. 2019-0150-MTZ (Del. Ch. Ct.).  At least one of

the directors, Mr. Lederhausen, is allegedly domiciled in Illinois.  Dkt. No. 24 at 12.

In the underlying suit, Davidow alleges that a self-tender offer by LRN to acquire shares

of LRN's common stock was "coercive and part of a scheme orchestrated by Dov Seidman,

LRN's founder, Chairman of the Board of Directors and Chief Executive Officer, to acquire

control of the Company and reduce the outstanding shares at an unfair price before he completed

an undisclosed sales process that was underway when the Tender Offer commenced."  Dkt. No.

9-6 at 2–3.  The underlying suit further alleges that the tender offer "materially increased the

value of Feldman's and Lederhausen's undisclosed LRN stockholdings" and seeks monetary

damages.  *Id.*

LRN sought coverage for the underlying action under the For Profit Management

Liability Policy No. MKLC1MML000060 issued by Markel to LRN.  *See* Dkt. No. 25-3.[1]  The

three directors are Insureds under the Policy purchased by LRN.  Am. Compl. ¶ 3.  As relevant to

this case, the Policy includes two insuring agreements.  The Insured Person Liability Coverage,

or "Side A," provides coverage for losses—as defined by the Policy—for which the directors are

not indemnified by the Company.  Dkt. No. 9-1 at 33.[2]  The Company Reimbursement Coverage,

or "Side B," provides coverage for losses incurred by LRN in indemnifying Insured persons—

here, the directors.  Dkt. No. 9-1 at 33.[3]  These coverages are subject to certain exclusions as

---

[1] The other defendant in this action, Arch Insurance Company, is an excess insurer.  It has not joined Markel's motion to dismiss and the excess insurance policy is not at issue in this motion.

[2] Side A provides in full: "INSURED PERSON LIABILITY COVERAGE The Insurer shall pay on behalf of the Insured Persons all Loss for which the Insured Persons are not indemnified by the Company and which the Insured Persons become legally obligated to pay on account of any Claim first made against Insured Persons, individually or otherwise, during the Policy Period or any applicable Extended Reporting Period, if purchased, for a Wrongful Act taking place before or during the Policy Period."

[3] Side B provides in full: "COMPANY REIMBURSEMENT COVERAGE The Insurer shall pay on behalf of the Company all Loss for which the Company grants indemnification to the Insured Persons, as permitted or required by

outlined by the Policy.  Relevant here is Exclusion IV.K, or the "Securities Transaction

Exclusion," which excludes Claims involving the sale of debt or equity securities, but excepts

those that qualify as a "private-placement transaction."  Dkt. No. 9-1 at 38.[4]

After receiving notice that LRN sought coverage of the *Davidow* suit, Markel issued a

reservation of rights letter in December 2019, acknowledging that the underlying action was a

Claim under the Policy but "reserving its rights under the Policy to limit or deny coverage based

on various terms, exclusions and conditions of the Policy, including pursuant to Exclusion

IV.K."  Dkt. No. 24 at 7.  The Insureds subsequently submitted a letter to Markel stating that the

tender offer at issue in the underlying litigation was excepted as a private-placement transaction.

*Id.* at 8.  In April 2020, Markel issued a supplemental coverage position letter denying coverage

because the underlying action was not exempt from the Securities Transaction Exclusion and

informing the Insureds that it would "not be defending this matter and [would] not fund any of

the legal fees incurred by the Insureds."  *Id*.

LRN was eventually dismissed from the *Davidow* suit but has continued to pay the legal

costs for its directors.  Dkt. No. 31 at 7.  LRN commenced the instant matter on October 8, 2020,

---

law, and which the Insured Persons have become legally obligated to pay on account of any Claim first made against
Insured Persons, individually or otherwise, during the Policy Period or any applicable Extended Reporting Period, if
purchased, for a Wrongful Act taking place before or during the Policy Period."

[4] Exclusion IV.K provides, in relevant part:

> The Insurer shall not be liable under this Coverage Part to pay any Loss on account of, and shall not be
> obligated to defend, any Claim made against any Insured:
> * * *
> K. Based upon, arising out of or in any way involving: (i) the actual, alleged or attempted purchase or sale,
> or offer or solicitation of an offer to purchase or sell, any debt or equity securities; or (ii) the actual or
> alleged violation of any federal, state, local or common or foreign law relating to debt or equity securities;
> provided this exclusion shall not apply to any Claim:
>
> > 1. Based upon arising out of or in any way involving the purchase or sale, or offer or solicitation
> > of an offer to purchase or sell, any debt or equity securities in a private-placement transaction
> > exempt from registration under the Securities Act of 1933, as amended . . . ."

and filed an amended complaint on December 9, 2020, asserting three causes of actions. First, it

seeks a declaration that, *inter alia*, "Markel has as duty to defend its Insureds in the *Davidow*

Lawsuit" and "that the Policy's Securities Transaction Exclusion does not apply to the *Davidow*

Lawsuit." Am. Compl. ¶ 105. Second, it asserts a breach of contract claim against Markel,

alleging that "Markel has breached [the Policy] by refusing to defend its Insureds in the *Davidow*

Lawsuit," and that this breach has caused damages to LRN. *Id*. ¶¶ 109, 111. Finally, it alleges a

breach of the covenant of good faith and fair dealing by Markel. *Id*. ¶¶ 114–19.

Two days after this instant suit was filed, Markel filed a declaratory judgment action in

New York State Court, which includes all of the underlying defendants. Dkt. No. 32-2; *see also*

Dkt. No. 31 at 19. Markel contends that it "addresses the same issues as those presented here.

Dkt. No. 24 at 15. Markel subsequently filed this motion to dismiss on February 1, 2021. Dkt.

No. 23. LRN filed its opposition to the motion, Dkt. No. 31, and Markel's reply in support

followed, Dkt. No. 32.

## II. LEGAL STANDARD

A Rule 12(b)(7) motion to dismiss entails a two-step analysis. "First, the court must

determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a

'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir.

2000), *abrogated on other grounds as recognized in Merrill Lynch & Co. v. Allegheny Energy,*

*Inc.*, 500 F.3d 171, 179 (2d Cir. 2007). If a party is not necessary under the Rule 19(a) analysis,

then the motion to dismiss under Rule 12(b)(7) is defeated. When a party is necessary, however,

a court then must then assess whether "joinder of the absent party is not feasible for jurisdictional

or other reasons." *Viacom*, 212 F.3d at 725. For example, joinder is infeasible if it would

destroy a federal court's subject matter jurisdiction by bringing into a case a non-diverse party.

*See Merrill Lynch*, 500 F.3d at 179 ("[J]oinder of non-diverse defendant under Rule 19(a)

destroys jurisdiction" (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S.

102, 108 (1968))).

If joinder of a necessary party would not be feasible, a court turns to the second step of

the analysis: assessing whether the party is truly "indispensable." *Viacom*, 212 F.3d at 725.  This

requires that the court determine "whether, in equity and good conscience, the action should

proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).  This

determination is made with reference to a non-exhaustive list of factors in Rule 19(b)(1)–(4).  If

a court concludes that a party is indispensable, it should dismiss the case.

Finally, in deciding a motion to dismiss pursuant to Rule 12(b)(7), a court must assume

all of the facts in the complaint are true and draw all reasonable inferences in the plaintiff's favor.

*See Dumann Realty, LLC v. Faust,* 267 F.R.D. 101, 101 n.1 (S.D.N.Y. 2010).  In deciding a

motion to dismiss pursuant to Rule 12(b)(7), "the Court may consider documents and facts

outside the pleadings." *Id.*

## III. DISCUSSION

Rule 19(a) outlines three prongs for the Court to consider in determining whether an

absent party is "necessary" to an action: whether the Court is able to "accord complete relief

among existing parties" in the allegedly required person's absence, Fed. R. Civ. P. 19(a)(1)(A);

whether the allegedly required person's interest "is so situated that disposing of the action in the

person's absence may as a practical matter impair or impede the person's ability to protect the

interest," *id.* 19(a)(1)(B)(i); or disposing of the action in the person's absence may "leave an

existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

obligations because of the [absent person's] interest," *id.* 19(a)(1)(B)(ii).

The parties' briefs address each subsection of Rule 19(a) in turn, but each argument essentially restates the party's view of the scope of relief sought in this case.  LRN presents this case as solely adjudicating Markel's duty to defend and indemnify LRN under Side B of the Policy.  LRN argues that the "Company Reimbursement Coverage is the only coverage triggered because LRN is the only insured party that has experienced a loss."  *See* Dkt. No. 31 at 8.  Thus, the directors are not necessary parties because LRN is solely seeking coverage for its losses in indemnifying the directors.  On the other hand, Markel argues that the complaint clearly requests a declaratory judgment on Markel's duty to defend and indemnify the *Davidow* suit generally and a judgment on whether the Securities Transaction Exclusion applies to the underlying suit.  Dkt. No. 24 at 10–11.  Thus, while LRN has paid the directors' defense costs so far, if LRN ceases that indemnification for any reason, the directors will turn to Side A of the Policy for coverage.  Because the instant case will necessarily decide whether Markel has a duty to defend and indemnify under Side A of the Policy, Markel argues, the directors are necessary parties.  Dkt. No. 32 at 7–9.

The Court agrees with Markel's reading of the complaint and issues presented in this case, but it does not lead the Court to conclude that the directors are necessary parties.  First, Markel and LRN can obtain "complete relief" in the absence of the directors.  Fed. R. Civ. P. 19(a)(1)(A).  "Complete relief" only pertains to the parties currently joined.  *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985) ("[T]he term complete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" (quoting 3A J. Moore, *Moore's Federal Practice* ¶ 19.07–1[1], at 19–96 (2d ed. 1984))).  Regardless of whether the directors are joined, this Court can determine whether or not the Securities Transaction Exclusion applies and thus whether

6

Markel has a duty to defend and indemnify LRN, the currently joined party, in the underlying

action.  Moreover, LRN can clearly obtain complete relief without joining the directors—the

only relief it seeks would be obtained from Markel.  *See* Am. Compl. ¶ 97–119.  Thus Rule

19(a)(1)(A) does not prompt the Court to determine the directors are "necessary" parties.

Second, the directors interests are virtually identical to LRN's such that their absence will

not impede or impair their interests.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).  Markel argues that

LRN's and the directors' interests are not "virtually identical" because LRN cannot guarantee

that it will continue to indemnify the directors for the *Davidow* suit.  In particular, LRN could

potentially be barred from indemnifying the directors for any settlement or judgment rendered in

the underlying action if such judgment is premised on "ill-gotten gains."  Dkt. No. 32 at 7–8

(citing 8 Del.C. § 145(a)).  But such a hypothetical eschews the current inquiry—LRN and the

directors clearly have the same interest in receiving a declaratory judgment from this Court that

the "Securities Transaction Exclusion does not apply to the *Davidow* lawsuit" and that "Markel

has a duty to defend its Insureds in the *Davidow* lawsuit."  Am. Compl. ¶ 105.  If LRN stopped

indemnifying the directors for any reason, the directors would either rely on Side A of the Policy

for indemnification (if this Court were to determine that the Securities Transaction Exclusion

does not apply) or not (if this Court finds the Exclusion does apply).  LRN hypothetically

ceasing indemnification in the future does not mean that LRN's and the directors' interests are

not currently aligned in the issues presented by the complaint.  *See Fed. Ins. Co. v. Singing River*

*Health Sys.*, No. 1:15cv236-LG-RHW, 2015 WL 6454873, at *2 (S.D. Miss. Oct. 26, 2015)

(finding absent insureds' interests were "virtually identical in that all of these parties would

presumably advocate a finding of coverage"); *see also Marvel Characters, Inc. v. Kirby*, 726

F.3d 119, 134 (2d Cir. 2013).

7

Finally, Markel does not face the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations," Fed. R. Civ. P. 19(a)(1)(B)(ii), because "principles of issue preclusion would likely bar [the directors] from relitigating the issue against [Markel]." *See Marvel Characters, Inc.*, 726 F.3d at 134 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 29 (1982)).  The Court therefore finds Markel's fear of the directors' seeking a different outcome in an alternative forum if this Court were to find on the merits that Markel has no duty to defend and indemnify the *Davidow* suit is overstated and thus there is not a "substantial" risk of inconsistent obligations.  Fed. R. Civ. P. 19(a)(1)(B)(ii).

In sum, the underlying defendant directors are not "necessary" parties under Rule 19(a) and the Court denies Markel's motion to dismiss pursuant to Rule 12(b)(7) on that basis.[5]

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Markel's motion for to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.  Defendant's request for oral argument is hereby denied as moot.  This resolves Dkt. No. 23.

SO ORDERED.

Dated:  August 23, 2021
         New York, New York

_____
        ALISON J. NATHAN
     United States District Judge

---

[5] Because the Court finds that the directors are not "necessary" parties, it need not reach the question of whether joining Mr. Lederhausen would destroy diversity jurisdiction and whether the directors are "indispensable" parties under Rule 19(b).